```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-22799-Civ-LENARD
                              MAGISTRATE JUDGE P.A. WHITE

GREGORY JOSEPH,               :

     Petitioner,              :

v.                            :     REPORT RE DISMISSAL
                                      §2254 PETITION
WALTER A. McNEIL,             :     AS TIME BARRED

     Respondent.              :
_____
```

Gregory Joseph, a state prisoner confined at Okeechobee Correctional Institution at Okeechobee, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 in this Court, attacking his convictions entered in Miami-Dade County Circuit Court Case No. 03-10760.[1] Specifically, Joseph alleges that: (1) he received ineffective assistance of trial counsel, because his lawyer waived his right to file a motion to dismiss the indictment as defective on the basis that the term "and/or" was used; (2) his pleas of guilty were involuntarily entered, because they were coerced by trial counsel in that his lawyer (a) disregarded his request to go to trial, and (b) failed to file any pre-trial motions and litigate this case properly with all investigations being fully researched; and (3) the trial court lacked subject matter jurisdiction to enter judgment and sentence on the offense of second-degree murder in that it was not properly

---

[1] While Joseph also refers in his petition to Miami-Dade County Circuit Court Case No. 06-21779, review of the computerized docket of that case reveals that when Joseph filed his pro se state petition for writ of habeas corpus in the trial court, attacking the convictions in Case No. 03-10760, a separate case was opened with the new case number. See Criminal Justice Information System Docket Inquiry. (DE# 10; App. Q). See also Petition for Writ of Habeas Corpus. (DE# 10; App. C). The more recent case does not involve any new or different offenses or convictions. Id. Only the convictions entered in Miami-Dade County Circuit Court Case No. 03-10760 are being challenged in this federal proceeding.

charged. See Petition at 6-A, 6-B, 6-C, 8-A, 8-B, 9-A. (DE# 1).

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition with attached exhibits, the Court has the petitioner's response to an order regarding the limitations period, and the respondent's response to an order to show cause with multiple exhibits.

The procedural history of this case is as follows. Joseph was charged in a two-count indictment with first degree murder and aggravated child abuse. (DE# 10; App. A). By negotiated pleas of guilty entered on March 31, 2005, Joseph was convicted of second degree murder, a lesser included offense, and aggravated child abuse, as charged.[2] He was sentenced on the same date to a term of forty years' imprisonment on the murder conviction and thirty years as to the child abuse conviction. (DE# 10; App. B). The sentences

---

[2] This case involved the death of a sixteen-month-old baby. The facts of this case as summarized by the Florida Third District Court of Appeal in an opinion issued in the postconviction proceedings are as follow:

> At the time of the plea, the State summarized the evidence it was prepared to prove, and it explained to the trial court that, while the State had every reason to believe that [Joseph] would be found guilty of first-degree murder based upon the evidence, the plea had been extended to [Joseph] to spare the child's mother the trauma of a trial.
>
> The State announced that it was prepared to prove that the child was in Joseph's legal custody and care when Joseph committed aggravated child abuse resulting in the child's death by kicking, striking, punching and stomping the child, practically severing the child's liver and causing his lungs to turn black from the bruising.

Joseph v. State, 976 So.2d 94, 95 (Fla. 3 DCA 2008). See also Transcript of change of plea proceeding conducted on March 31, 2006. (DE# 10; App. O).

2

were imposed to run concurrently. Id. Joseph did not prosecute a direct appeal from his convictions or sentences. (Petition at ¶8)(DE# 1). See also Criminal Justice Information System Docket Inquiry at 10-11. (DE# 10; App. P).

Joseph did seek *pro se* postconviction relief. On June 30, 2006, he filed his first motion in the trial court as a petition for writ of habeas corpus, which was treated as a motion pursuant to Fla.R.Crim.P. 3.850. (DE# 10; App. C). The claims raised were that the indictment was defective in that it used the term "and/or" and that he received ineffective assistance of counsel when his lawyer waived his right to attack the defective indictment. Id. The trial court summarily denied the petition, ruling that a disjunctive information was not defective if the defendant was altered to the acts with which he was charged. See Order Denying Motion for Postconviction Relief (Incorrectly titled Petition for Writ of Habeas Corpus)(citation omitted). (DE# 10; App. D). Joseph took an appeal from the denial of his motion, and the Florida Third District Court of Appeal issued a *per curiam* affirmance without written opinion. See Joseph v. State, 947 So. 2d 1177 (Fla. 3 DCA 2007). The mandate issued on January 29, 2007. (Exhibit C to Petition)(DE# 1).

On May 3, 2007, Joseph filed a second Rule 3.850 motion, raising additional claims of ineffective assistance of counsel and alleging that his guilty pleas had been unlawfully entered.[3] (DE# 10; App. F). After receiving a response from the state, the trial court summarily denied the motion in a written order, finding that

---

[3]Specifically, Joseph claimed that his trial counsel was deficient in failing to: file proper pre-trial motions; seek appellate review of his admissions; investigate his case; evaluate his state of mind and mental health; and object to the amendment of the indictment. See Amended Motion for Postconviction Relief. (DE# 10; App. F). He additionally alleged that his plea was coerced. Id.

3

the allegations were directly refuted by the record. (DE# 10; App. G). Joseph appealed the trial court's ruling and, without first requiring a response from the state, the Florida appellate court in a written opinion affirmed the ruling. See Joseph v. State, 976 So. 2d 94 (Fla. 3 DCA 2008). While the appellate court agreed with the trial court's determination that the plea colloquy clearly refuted Joseph's claims of ineffective assistance of trial counsel, the court instead affirmed the denial of Joseph's claims on procedural grounds.[4] Id., *citing*, Moore v. State, 820 So.2d 199, 205 (Fla. 2002)(holding that a successive rule 3.850 motion can be denied as an abuse of process where the defendant failed to raise the issue in his previous motion for postconviction relief without reason); Franklin v. State, 923 So.2d 1199, 1199 (Fla. 3 DCA 2006)(finding that the claims raised could have been raised in the defendant's first motion for postconviction relief, and were, therefore, procedurally barred). The mandate issued on March 24, 2008. (Exhibit E to Petition)(DE# 1).

---

[4]Although affirming the trial court's ruling on the alternate procedural basis(i.e., an improper successive petition), the appellate court did review in full the record, which included the transcript of the change of plea proceeding. Joseph v. State, 976 So.2d 94, 95 (Fla. 3 DCA 2008). The court in its written opinion summarized what had transpired at the change of plea proceeding, where Joseph had been sworn, as follows:

> The trial court also inquired whether Joseph understood the charges to which he was pleading, the sentences he was to receive, and the rights he was giving up, explaining each to Joseph on the record. In each instance Joseph, under oath, answered that he understood. In response to questions from the trial court, Joseph stated that: he had never had any psychological "difficulties," and did not have any at that time; he was not under the influence of any alcohol or drugs; he had an eleventh-grade education; he had not been promised anything other than what had been announced in open court; he had not been threatened in any way; he was satisfied with the services of his attorney; and his attorney had done everything Joseph had asked of him.

Id. See also Transcript of change of plea proceeding conducted on March 31, 2005. (DE# 10; App. O). This Court notes that Joseph's sworn statements made in connection with the entry of his guilty pleas carry a strong presumption of truthfulness and pose a formidable barrier in subsequent collateral proceedings. See Blackledge v. Allison, 431 U.S. 63, 74 (1977); Kelley v. Alabama, 636 F.2d 1082, 1084 (5 Cir. Unit B. 1981).

Joseph filed yet a third Rule 3.850 motion on April 24, 2008, raising the sole issue that the trial court lacked subject matter jurisdiction to accept his plea and enter judgment and sentence on the charge of second degree murder, because the state had altered the Indictment to reflect the charge of second degree murder where the Indictment had instead charged first degree felony murder. (DE# 10; App. I). The state filed a response to the motion, asserting that the claim was meritless. (DE# 10; App. J). The trial court agreed with the state and summarily denied the motion, and also denied Joseph's motion for rehearing. (DE# 10; App. K, L, M). The trial court's rulings were *per curiam* affirmed without written opinion, see Joseph v. State, 990 So. 2d 1075 (Fla. 3 DCA 2008), and the mandate issued on September 15, 2008. (Exhibit G to Petition)(DE# 1).

Soon after the conclusion of all state court proceedings, Joseph came to this Court on September 30, 2008,[5] filing the instant pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. In his response to the order to show cause, the respondent solely asserts that this petition should be dismissed as untimely filed. (DE# 8). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed for the first time a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. See Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has

---

[5]The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). See Petition at 16. (DE# 1).

expired. 28 U.S.C. §2244(d)(1)(A);[6] Jimenez v. Quarterman, ___ U.S. ___, ___, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009)(explaining the rules for calculating the one-year period under §2244(d)(1)(A)). This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.[7] 28 U.S.C. §2244(d)(2). Moreover, the one-year limitations period is also subject to equitable tolling in rare and exceptional cases. Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007)(holding that for equitable tolling to apply, a petitioner has the burden of proving: "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). See also Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory

---

[6]The statute provides that the limitations period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[7]A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)).

deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999).

The judgment of conviction and sentence in the subject criminal case became final on May 2, 2005,[8] the expiration of the thirty-day appeal period from the judgment. See Fla.R.App.P. 9.110(b); Demps v. State, 696 So. 2d 1296, 1297, n.1 (Fla. 3 Dist. 1997); Ramos v. State, 658 So.2d 169 (Fla. 3 Dist. 1995); Caracciolo v. State, 564 So.2d 1163 (Fla. 4 Dist. 1990); Gust v. State, 535 So. 2d 642 (Fla. 1 Dist. 1988). Since this federal petition for writ of habeas corpus challenging the instant convictions and sentences was not filed until September 30, 2008, far-beyond one year after the date on which the convictions and sentences became final, the petition is time-barred pursuant to 28 U.S.C. §2244(d)(1)(A) unless the limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2).

As indicated above, Joseph actively pursued state collateral relief in the state trial and appellate courts. However, Joseph's postconviction proceedings did toll the one-year limitations period, because they were not instituted until June 30, 2006, after the applicable limitations period had already expired on May 3, 2006. See Tinker v. Moore, 255 F.3d 1331, 1332 (11 Cir. 2001)(holding that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled); Webster v. Moore, 199 F.3d 1256,

---

[8]Since the time for filing the notice of appeal fell on a Saturday, April 30, 2005, Joseph would have had until Monday May 2, 2005, for the filing of his notice of appeal. See Fla.R.App.P. 9.420(e).

1258-60 (11 Cir.)(holding that even properly filed state court petitions must be pending in order to toll the limitations period), cert. denied, 531 U.S. 991 (2000).

Unless Petitioner establishes that he is entitled to proceed under one of §2244(d)'s statutory tolling provisions, see §2244(d)(1)(B)-(D), or is entitled to equitable tolling of the limitations period, the petition is time-barred. While Joseph has addressed the limitations issue in his form petition and his response to an order regarding the limitations period, he has offered no legitimate justification whatever for his late-filing. See Petition at ¶18; Memorandum in Response to Statute of Limitation Pursuant to 28 U.S.C. §2244(d). (DE# 1, 7). Joseph merely recites in a chronological fashion the procedural history of this case and, while doing so, he maintains that he filed his first postconviction motion on February 16, 2006, rather than June 30, 2006, as indicated above. Id. He has, however, provided no record support whatever for his self-serving assertion.[9] It is interesting to note that while Joseph has attached various exhibits to his petition, consisting of state court records, he has not provided a copy of any state court postconviction pleading executed or given to prison authorities on the earlier date. See DE# 1.

Moreover, full and careful review of the record here clearly refutes Joseph's assertion. See e.g., Criminal Justice Information System Case Inquiry in Miami-Dade County Circuit Court Case Nos. 03-10760 and 06-21779. (DE# 10; App. P, Q). The first

---

[9] Absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative value. See Tejada v. Dugger, 941 F.2d 1551, 1559 (11 Cir. 1991)(recognizing that a petitioner is not entitled to habeas relief "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible'" (citation omitted)). See also Ross v. Estelle, 694 F.2d 1008, 1011-12 (5 Cir. 1983).

postconviction pleading filed was Joseph's *pro se* "Petition for Writ of Habeas Corpus." (Petition for Writ of Habeas Corpus)(DE# 10; App. C). The pleading is deemed filed as of June 30, 2006, the date the pleading was delivered to prison authorities for mailing.[10] Id. at 1. The face of the petition indicates a stamp, stating: "Provided to Okeechobee Correctional Institution on 6/30/06 for Mailing". Id. Next to the stamp is apparently the initials of the prison official who accepted the pleading from Joseph. Id.

If Joseph were to maintain that he could not timely file his habeas petition with this Court, because he first needed to exhaust his state court remedies prior to filing the instant petition, any such claim would also be meritless. Because the tolling provisions of §2244(d)(2) already accommodate the exhaustion requirement that petitioner faced, he would not be entitled to equitable tolling on this basis. See Smith v. McGinnis, 208 F.3d 13, 17-18 (2 Cir. 2000); See also Franklin v. Bagley, 27 Fed. Appx. 541, 542-543 (6 Cir. 2001)(limitations period not equitably tolled due to the fact that petitioner was attempting to exhaust all of his state court remedies prior to filing his federal habeas petition, absent a showing of due diligence).

Further, this case presents no grounds for the application of the doctrine of equitable tolling. Lawrence v. Florida, 549 U.S. at 336. The Eleventh Circuit has continued to emphasize that "[e]quitable tolling is an extraordinary remedy that must be applied sparingly" for "[a] truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11 Cir. 2008). The record also does

---

[10] Florida also recognizes the "mailbox" rule. See Griffin v. Sistuenck, 816 So.2d 600, 601 (Fla. 2002)(date of service in prisoner's certificate of service was used as filing date), citing, Haag v. State, 591 So.2d 614 (Fla. 1992)(a pro se prisoner's motion is considered to be filed when it is handed over to prison personnel for mailing). See also Haines v. State, 641 So.2d 464 (Fla. 4 DCA 1994).

not demonstrate that Joseph was in any way impeded by any unconstitutional State action in pursuing state postconviction relief or filing this federal petition for writ of habeas corpus, and actually indicates to the contrary as revealed by the above-reviewed state postconviction proceedings. Finally, Joseph's status as an unskilled layperson does not excuse the delay. See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). See also Rivers v. United States, 416 F.3d at 1323 (holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required).

Accordingly, the time-bar is ultimately the result of Joseph's failure to timely institute state postconviction proceedings then this federal habeas corpus proceeding. Since this habeas corpus proceeding instituted on September 30, 2008, is untimely, Joseph's claims challenging the lawfulness of his convictions are now time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and should not be considered on the merits.[11]

---

[11] It is noted that even if Joseph's claims were not time-barred, it is apparent from review of the record in its entirety that Joseph would not be entitled to federal habeas corpus relief in that the claims raised here are procedurally barred and/or meritless. Thorough review of the record has revealed that Joseph's pleas of guilty were knowingly, voluntarily and freely entered with the advice of competent counsel, as repeatedly determined by the state courts. See Brady v. United States, 397 U.S. 742, 748 (1970); Boykin v. Alabama, 395 U.S. at 238 (1969). See also Strickland v. Washington, 466 U.S. 668 (1984); Hill v. Lockhart, 474 U.S. 52 (1985). The determinations of the state trial and appellate courts that Joseph was not entitled to relief during the postconviction proceedings on his challenges to the instant convictions and sentences were not in conflict with clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Consequently, Joseph would not be successful in this habeas corpus proceeding. See 28 U.S.C. §2254(d); Williams v. Taylor, 529 U.S. 362 (2000). See

Petitioner's request for an evidentiary hearing on the merits of his claims and/or on the statute of limitations defense should be denied. Section 28 U.S.C. §2254(e)(2) provides that a court shall not conduct an evidentiary hearing unless a petitioner failed to develop a claim in state court, provided that the claim relies on a new rule of constitutional law or on "a factual predicate that could not have been previously discovered through the exercise of due diligence" and the facts would "establish by clear and convincing evidence" the petitioner's actual innocence. See Williams v. Taylor, 529 U.S. 420, 433-37 (2000). Joseph has failed to satisfy the statutory requirements in that he has not demonstrated the existence of any factual disputes that warrant a federal evidentiary hearing. See Breedlove v. Moore, 279 F.3d 952, 959-60 (11 Cir. 2002), cert. denied, 537 U.S. (2003). See also Atwater v. Crosby, 451 F.3d 799, 812 (11 Cir. 2006)(addressing the petitioner's claim that his requests for an evidentiary hearing on the issue of trial counsel's effectiveness during the penalty phase of his trial in both the state and federal courts were improperly denied, the court held that an evidentiary hearing should be denied "if such a hearing would not assist in the resolution of his claim.").

It is therefore recommended that this petition for habeas corpus relief be dismissed as untimely filed pursuant to 28 U.S.C. §2244(d)(1)-(2).

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

---

also Knowles v. Mirzayance, ___ U.S. ___, 129 S.Ct. 1411, 1418 (2009).

SIGNED this 20th day of August, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Gregory Joseph, Pro Se
     DC# B02632
     Okeechobee Correctional Institution
     3420 N.E. 168th Street
     Okeechobee, FL 34972-4824

     Ansley B. Peacock, AAG
     Department of Legal Affairs
     444 Brickell Avenue
     Suite 650
     Miami, FL 33131